IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>v.<br><br>**JEFFERY MCKELLOP**<br>Defendant. | CASE NO.: 1:21-mj-00307 |

**DEFENDANT'S MEMORANDUM
IN OPPOSITION OF PRE-TRIAL DETENTION**

    The Defendant, Jeffrey McKellop, by and through counsel, respectfully requests that this Honorable Court deny the Government's motion to detain the Defendant. Mr. McKellop is accused of crimes that qualify for the Government to request pretrial detention under 18 U.S.C. §§3142(f)(1)(A) and §§3142(f)(1)(E). There is no presumption against pretrial detention in this case under 18 U.S.C. §3142(e)(2). Therefore, it is the Government's burden to show that there are no conditions listed under 18 U.S.C. §3142(c) that can reasonably assure that the Defendant is not a flight risk, nor to guarantee that he is not a danger to the community. The Government's burden of proof to detain based on risk of flight is preponderance of the evidence. *United States v. Gonzalez*, 805 Fed. Appx. 8, 9 (D.C. Cir. 2020). The Government's burden of proof to detain based on a danger to the community is clear and convincing evidence. *United States v. Vasquez-Benitez,* 919 F.3d 546, 550 (D.C. Cir. 2019). The Defendant contends that he is neither a flight risk nor a danger to the community.

    In making its determination, the Court is to consider the four factors laid out in 18 U.S.C. §3142(g). The Defendant respectfully requests that the following points and authorities, as well

as any other facts, arguments, and authorities presented at the detention hearing be considered in the Court's determination regarding pre-trial detention.

## FACTUAL BACKGROUND

Mr. McKellop served a total of nearly twenty-two and a half years of active-duty service and just under one year of inactive service in the United States Army. (Exhibit A – Defendant's Certificate of Release or Discharge from Active Duty). Mr. McKellop spent 9 years of his service in the Special Forces. *Id.* at n.11. Mr. McKellop honorably retired from the United States Army on August 12, 2010. *Id.* at n. 23-24. During Mr. McKellop's twenty-two and a half years of active service, Mr. McKellop received numerous Decorations, Medals, Badges, Citations and Campaign Ribbons, including the 3 Bronze Stars and a Meritorious Service Award. *Id.* at n. 13, 18.

Mr. McKellop traveled to Washington D.C. for the purpose of attending the rally on January 6, 2021 for then-President Donald J. Trump. (Exhibit B – Sworn Affidavit from Scott Steiert). He was invited to join his friend Mr. Scott Steiert. *Id.* Mr. Steirt was concerned about violence from counterprotesters, and so Mr. McKellop brought his body armor in order to protect himself. *Id.*

In early February, several photographs of Mr. McKellop were posted on the FBI's website with numbered identifiers, some with Mr. McKellop's face and others purporting to be him wearing a gas mask. *Statement of Facts* at 3-4. On February 7, 2021, Mr. McKellop contacted counsel to begin the process of reaching out to the government in relation to the incident in question. On February 9, 2021 Counsel attempted to contact the Federal Bureau of Investigation (FBI) and was unable to reach an agent or other representative. On February 11, 2021, Counsel was able to reach a Deputy of the United States' Attorney's Office involved in

this matter. On February 12, 2021, Counsel, at the direction of Mr. McKellop, informed the Deputy of Mr. McKellop's name and the number identifier he was given on the FBI's website. Several emails were exchanged, and a conversation occurred between Government Counsel and Defense Counsel on February 17, 2021. On March 14, 2021, Counsel was contacted to discuss turning Mr. McKellop in. A self-surrender was arranged and occurred, without incident, on March 17, 2021 at the Washington field office for the FBI. Mr. McKellop has been in custody since his surrender.

## ARGUMENT

The defendant requests that this Court grant him pretrial release, as there are conditions that can reasonably be placed upon him to ensure the safety of the community and his appearance in this Court. The factors of 18 U.S.C. §3142 (g) that the court should consider when determining whether to release an individual pending trial are 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the defendant; 3) his history and characteristics, and 4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. §3142(g). The weight of all of these factors, and the Government's own actions in relation to Mr. McKellop weigh in favor of release.

### Nature and Circumstances of the Offense Charged

The offenses charged against Mr. McKellop are crimes related to a riot that stemmed from a rally for the then-President of the United States. The pictures of the riot show hundreds, if not thousands of individuals, participating in the events outside of the Capitol Building on January 6, 2021. The offenses here including those related to the assault of federal law enforcement do not necessarily depict an intent to enter the Capitol Building, as the government contends. In fact, they do not allege that Mr. McKellop every breached the Capitol Building.

Further, the Government contends that the alleged attacks were targeted, though based on the locations of the officers to each other, they appear to simply have been in one general area with no direction or plan.

What tactical gear Mr. McKellop was wearing was brought in case of violence caused by counter protesters. Mr. McKellop did not come armed with any firearms nor is there evidence of any knives or other bladed weapons.

Admittedly the charges against Mr. McKellop are serious, however, they are far from targeted or premeditated as the government would contend. Based on the description in both the Statement of Facts and the Government's Memorandum in Support of Pre-trial detention, they appear to be crimes of opportunity. Even the "weapon" that was alleged to have been used was not one that was brought with Mr. McKellop, but instead he is accused of picking it up near the assault.

## Weight of the Evidence Against the Defendant

All of the evidence of the assaults in this case being perpetrated by Mr. McKellop is circumstantial. All video evidence of the assaults appear to have the perpetrator wearing a gas mask that obscures the perpetrator's face. There is a description of a video that shows Mr. McKellop putting a similar gas mask on, but there is no statement of video connecting Mr. McKellop directly from the time that he allegedly puts the gas mask on, to the time of the initial assaults. With hundreds or even thousands of individuals participating in the riot, it would be incredibly difficult to show that no other participant wore similar clothing.

## Defendant's History and Characteristics

Mr. McKellop's History and Characteristics weighs heavily in favor of release. Mr. McKellop's character, prior to these alleged charges can only be evidenced through his

distinguished service of twenty-two and half years, his three bronze stars, meritorious service award, and various other awards. After his distinguished career in the military Mr. McKellop continued to work for the government as a contractor through companies such as GRS. He owns/has a mortgage on his home in Fishersville, Virginia. Has no record of drug or alcohol abuse, nor any criminal history. Due to the lack of criminal history he has no record concerning appearing in court. Nor was Mr. McKellop on any form of probation or release pending trial, sentencing or appeal.

  The best evidence of Mr. McKellop's character and his likelihood of appearing in court for these matters, are the events that occurred after the FBI posted images of Mr. McKellop online. Mr. McKellop became aware of those images soon after their posting, and immediately began a search for counsel to engage in discussions with the FBI or United State's Attorney's office. After Counsel made contact with the United State's Attorney's Office, he directed Counsel to inform them of his name to continue the process. At that time Mr. McKellop had no way of knowing that the FBI had received tips related to his identity. Mr. McKellop was made aware that the Government was likely to charge him soon thereafter. If Mr. McKellop had intended to flee, he would have done so.

  Further, once the Government did decide that they were ready to press charges against Mr. McKellop, more than a month after he had made contact with the United State's Attorney's Office, he agreed to a self-surrender. Further, Mr. McKellop brought the cell phone that he was using on January 6, 2021 at the request of the Government. There is no evidence that Mr. McKellop attempted to conceal or destroy any evidence of any role that Mr. McKellop may have played in the events of January 6, 2021. To the contrary, the Government states that during a search executed on his home, the clothing that Mr. McKellop was alleged to have worn on the

date in question was found. It should further be noted that conversations related to a self-surrender were started on March 14, 2021 and the surrender was scheduled for March 17, 2021. Yet again, after having been informed that the Government was now absolutely going to charge him, he still did not flee, and instead arranged to surrender himself to the FBI. *See United States v. Chrestman*, ECF No. 23 at 28 (D.D.C. February 26, 2021) (Counting against the Defendant that he did not self-surrender even though he did not flee). No evidence could be stronger that Mr. McKellop intends to appear in court for all hearings and resolve this matter.

Additionally, the fact that Mr. McKellop reached out to the Government through Counsel soon after becoming aware that they were looking for information related to him, shows the strength of his character.

## Danger to the Community

Mr. McKellop is in no way a danger to the community or any person, and this factor weighs heavily in favor of Mr. McKellop's release. Mr. McKellop's lack of a criminal history or any record of violent behavior prior to or subsequent to the incident on January 6, 2021 is certainly dispositive of this fact. Further, unlike other individuals charged in this incident, Mr. McKellop was not a member of any group engaged in planning any form of attack. Nor was Mr. McKellop a ringleader of any group. The evidence shows that Mr. McKellop came to Washington D.C. for a rally for the then-President Trump, not to engage in any destructive or obstructive conduct.

Further the Government clearly does not believe that Mr. McKellop is a danger to the community or others, as their own actions show. Mr. McKellop's identity was known to the Government as early as February 12, 2021, when it was communicated to them through Counsel on Mr. McKellop's request. Per the Statement of Facts, it appears that Mr. McKellop's identity

was known even before that date. *See* Statement of Facts at 5. Further Mr. McKellop was not asked to self-surrender for more than a month after contacting the Government related to this incident.

## **CONCLUSION**

The factor's above, and the Government's own actions strongly favor pretrial release in this matter. The Government has failed in its burden to prove by a preponderance of the evidence that Mr. McKellop is a flight risk. Mr. McKellop made himself known to the Government soon after learning they were interested in information related to him. At no time did Mr. McKellop attempt to flee. Mr. McKellop self-surrendered at the request of Government, bringing the phone that he had in his possession on January 6, 2021.

The Government has also failed in its burden to show by clear and convincing evidence that Mr. McKellop is a danger to the community. Mr. McKellop has no prior criminal record. Mr. McKellop is a military veteran of more than two decades who earned three Bronze Stars and a Meritorious Service Award. Mr. McKellop travelled to the then-President Donald J. Trump rally in his body armor due to the fear of violence from counter protesters. Mr. McKellop was permitted to remain at large in the community for over a month by the Government after identifying him. Mr. McKellop self-surrendered at the request of Government, bringing the phone that he had in his possession on January 6, 2021.

**WHEREFORE**, the Defendant, by and through counsel, requests that this Honorable Court release Mr. McKellop and impose any conditions that it deems appropriate in this matter to assuage any doubts that Mr. McKellop is neither a flight risk nor danger to the community.

Respectfully submitted,

By: /s/ *Seth Q. Peritz*
Seth Q. Peritz
Counsel for the Defendant
Appearing *pro hac vice*
Virginia State Bar No. 91240
Crowley Peritz Law
10560 Main Street
Suite 501
Fairfax, Virginia 22030
(703) 337-3773
Seth@CrowleyPeritzLaw.com

_____/s/_____
Gregory T. Hunter
Counsel for the Defendant
Virginia State Bar No. 44589
2055 North 15th Street
Suite 302
Arlington, Virginia 22201
(703) 966-7226
(703) 527-0810 fax
GregHunter@mail.com

# EXHIBIT A

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |
|---|---|---|

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) MCKELLOP, JEFFREY ALLEN | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/RA | 3. ■■■■■■■ |
|---|---|---|
| 4a. GRADE, RATE OR RANK SFC | 4b. PAY GRADE E07 | 5. DATE OF BIRTH (YYYYMMDD) 19650617 | 6. RESERVE OBLIGATION (YYYYMMDD) 00000000 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY OAKLAND, CALIFORNIA | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) 2402 WOOD DRIVE STEILACOOM WASHINGTON 98388 |
|---|---|
| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND 040003SFSF GRP B CO SP | b. STATION WHERE SEPARATED FORT BRAGG, NC 28310-5000 |

| 9. COMMAND TO WHICH TRANSFERRED USAR CON GP (RET)  1 RESERVE WAY, ST LOUIS, MO 63132 | 10. SGLI COVERAGE   NONE AMOUNT: $ 400,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) 18E4P W8 SF COMMO SERGEANT - 9 YRS 3 MOS// 91B30 WHEELED VEHICLE MECHA - 8 YRS 2 MOS// NOTHING FOLLOWS | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 1993 | 06 | 14 |
| | b. SEPARATION DATE THIS PERIOD | 2010 | 10 | 31 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0017 | 04 | 17 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0005 | 00 | 25 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0000 | 11 | 16 |
| | f. FOREIGN SERVICE | 0002 | 07 | 19 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. INITIAL ENTRY TRAINING | 0000 | 00 | 00 |
| | i. EFFECTIVE DATE OF PAY GRADE | 2004 | 03 | 01 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) IRAQ CAMPAIGN MEDAL W/THREE CAMPAIGN STARS //KENYAN PARACHUTIST BADGE//ROYAL NETHERLANDS ARMY PARACHUTE BADGE//BRONZE STAR MEDAL (3RD AWARD)//MERITORIOUS SERVICE MEDAL//ARMY COMMENDATION MEDAL (4TH AWARD) //ARMY ACHIEVEMENT MEDAL (3RD AWARD)//ARMY SUPERIOR UNIT AWD//ARMY//CONT IN BLOCK 18 | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) ADV NCO CRS (ANCOC), 3 WEEKS, 2006//ADVANCED PISTOL MARKSMANSHIP COURSE, 1 WEEK, 2009// /BASIC INSTRUCTOR TNG, 2 WEEKS, 2007//BASIC MILITARY LANGUAGE-FRENCH, 16 WEEKS, 2001// BASIC NCO CRS (BNCOC), 4 WEEKS, 2001// BRADLEY FIGHTING VEHICLE INFANTRYMAN COURSE, 2 WEEKS, 1993//BRADLEY//CONT IN BLOCK 18 |
|---|---|

| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | YES | X NO |
|---|---|---|
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | YES | X NO |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If Yes, years of commitment: NA ) | YES | X NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

18. REMARKS ////////////////////////////////////////////////////////////////////////////////////////
IMMEDIATE REENLISTMENTS THIS PERIOD -- 19930614-19960312, 19960313-19980318, 19980319-20020210//SUBJECT TO ACTIVE DUTY RECALL BY THE SECRETARY OF THE ARMY//EXTENSION OF SERVICE WAS AT THE REQUEST AND FOR THE CONVENIENCE OF THE GOVERNMENT//SERVED IN A DESIGNATED IMMINENT DANGER PAY AREA//SERVICE IN AFGHANISTAN 20020105-20020530//SERVICE IN IRAQ 20030927-20040201//SERVICE IN AFGHANISTAN 20040610-20041210//SERVICE IN IRAQ 20050509-20060115//MEMBER HAS COMPLETED FIRST FULL TERM OF SERVICE//CONT FROM BLOCK 13: GOOD CONDUCT MEDAL (6TH AWARD)//NATIONAL DEFENSE SERVICE//SEE ATTACHED CONTINUATION SHEET

The information contained herein is subject to computer matching within the Department of Defense or any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) 212 EDINBORO DRIVE SOUTHERN PINES NORTH CAROLINA 28387 | b. NEAREST RELATIVE (Name and address - include ZIP Code) SARA NANETTE MCKELLOP 212 EDINBORO DRIVE SOUTHERN PINES NORTH CAROLINA 28387 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) NC | OFFICE OF VETERANS AFFAIRS | X YES | NO |
|---|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | | X YES | NO |

| 21.a. MEMBER SIGNATURE ESIGNED BY: MCKELLOP.JEFFREY.ALLEN.1165026132 | b. DATE (YYYYMMDD) 20100812 | 22.a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) ESIGNED BY: EDWARDS.DONNELL.MONTRELL.1057677704 DONNELL EDWARDS, RET SVCS OFF | b. DATE (YYYYMMDD) 20100812 |
|---|---|---|---|

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION RETIREMENT | 24. CHARACTER OF SERVICE (Include upgrades) HONORABLE |
|---|---|
| 25. SEPARATION AUTHORITY AR 635-200, CHAP 12 | 26. SEPARATION CODE RBD | 27. REENTRY CODE 4R |
| 28. NARRATIVE REASON FOR SEPARATION SUFFICIENT SERVICE FOR RETIREMENT | | |
| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) NONE | 30. MEMBER REQUESTS COPY 4 (Initials) JAM | |

DD FORM 214, AUG 2009            PREVIOUS EDITION IS OBSOLETE.            MEMBER - 4
GENERATED BY TRANSPROC

**9207310213**

AUT ...OT TO BE USED FOR
DEN' TION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VO...

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. |
|---|---|---|
| MCKELLOP, JEFFREY ALLEN | ARMY/RA | |

| 4.a. GRADE, RATE OR RANK | 4.b PAY GRADE | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG... |
|---|---|---|---|
| PFC | E3 | 650617 | Year 98  Month 04  Day 02 |

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| OAKLAND, CA | 4825 TIFFANY WAY  FAIR OAKS, CA 95628 |

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b. STATION WHERE SEPARATED |
|---|---|
| HHC 199TH INF BDE FORSCOM FC | FT. LEWIS, WA 98433-5000 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE  None |
|---|---|
| USAR CONTROL GROUP (REINF), ARPERCEN, 9700 PAGE BLVD., ST. LOUIS, MO 63132-5200 | Amount: $100,000.00 |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| 11B1P INFANTRYMAN 3 YRS 10 MOS//NOTHING FOLLOWS | a. Date Entered AD This Period | 87 | 06 | 03 |
| | b. Separation Date This Period | 92 | 06 | 27 |
| | c. Net Active Service This Period | 05 | 00 | 25 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 00 | 00 |
| | f. Foreign Service | 01 | 00 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 91 | 10 | 15 |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**
ARMY SERVICE RIBBON//ARMY LAPEL BUTTON//NATIONAL DEFENSE SERVICE MEDAL//AIR ASSAULT BADGE//PARACHUTE BADGE//ARMY GOOD CONDUCT MEDAL//OVER SEAS SERVICE RIBBON//SHARPSHOOTER BADGE RIFLE M-16//NOTHING FOLLOWS

**14. MILITARY EDUCATION** (Course title, number of weeks, and month and year completed)
BASIC AIRBORNE 3 WEEKS NOV 89//AIR ASSAULT 2 WEEKS SEP 88//NOTHING FOLLOWS

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID |
|---|---|---|---|---|---|---|
| | | X | | X | | 5.5 |

17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION  Yes X No

**18. REMARKS**  THE INFORMATION CONTAINED HEREIN IS SUBJECT TO COMPUTER MATCHING WITHIN THE DEPARTMENT OF DEFENSE OR WITH ANY OTHER AFFECTED FEDERAL OR NON-FEDERAL AGENCY FOR VERIFICATION PURPOSES AND TO DETERMINE ELIGIBILITY FOR, AND/OR CONTINUED COMPLIANCE WITH THE REQUIREMENTS OF A FEDERAL BENEFIT PROGRAM//IMMEDIATE REENLISTMENTS THIS PERIOD: 870603-890627; 890628-920627//EXTENSION OF SERVICE WAS AT THE REQUEST AND FOR THE CONVENIENCE OF THE GOVERNMENT//SUBJECT TO ACTIVE DUTY RECALL AND/OR ANNUAL SCREENING//BLOCK 6 INCLUDES PERIOD OF DEP: 870403-870602//NOTHING FOLLOWS

JUL 3 1 1992

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b. NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| 2701 RIGNEY RD APT D-14  STEILACOOM, WA 98388 | JOHN PAUL JONES P.O. BOX 88  FAIR OAKS, CA 95628 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO  WA  DIR. OF VET AFFAIRS X Yes  No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | SHELLY F. PENTECOST, 1LT, AG, Asst AG |

DD Form 214, NOV 88    Previous editions are obsolete.    MEMBER

# EXHIBIT B

ON THIS 19th DAY OF MARCH, 2021, I SCOTT STEIERT, the witness herein, under penalty of perjury, affirm that I am over eighteen (18) years of age, competent to testify to the contents of this affidavit, and that the following facts are true and correct based on my personal knowledge

As per request from Jeff McKellop's lawyer Seth, I am writing about the events leading up to the Capitol Hill protest as it pertains to why Jeff Mckellop was there on the 6 of Jan.

I would like to start by saying I know with almost 100 percent certainty that Jeff did not lead anyone or is a part of any group or is a leader of any group, or that he planned on doing what he did on Jan 6.

I decided to go to DC to the Trump Rally a couple of weeks before the event. I wanted to show my support for our President and decided to go even though I have never been to a Rally before. I was very apprehensive about going only because I thought that there was a possibility that anti-Trumpers might attack me because of my political views, or some radical group might emplace an IED or do a mass shooting. It was for these reasons that I wanted Jeff to meet me there, only because I felt more at ease having strength in numbers.

So, if I did not invite Jeff to come with me, I am almost certain that he would not have been there.

Jeff only brought his body armor as a defense mechanism against any attack from possible anti-Trumpers. You must understand Jeffs personality to know why he brought body armor, gas masks, water, and medical kit. He is always prepared for the worst-case scenario, that is what his SF training, and roughly 20 yrs. deploying overseas (about 8 of those years protecting State Department and government officials ) has taught him. In his mind he was going there to

Page 1 of 2

help protect me, his friend and fight anti-Trumpers, so that's what he prepared for. He never ever, not one single time that I remember mentioned fighting police or our government. If he would have thought that was the reason he was going there, I would have not wanted him with me.

As to Jeff's personality. I have known Jeff for over 20yrs, and I am extremely shocked and disappointed at his actions. How Jeff acted during the protest is out of his character.

I am extremely sad, not only for Jeff, because I know he is regretful for his actions, but also for the LEO's that were injured while doing their job that day protecting the Capitol and its occupants.

19 Mar 2021
Date

Scott Steiert

STATE OF WY
Albany COUNTY

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared **SCOTT STEIERT**, to me known, and who, after being first duly sworn, did depose and say that the matters and things alleged in the foregoing Affidavit are true and correct to the best of his information, knowledge and belief.

Given under my hand and official seal this the 19 day of March, 2021.

15 JUNE 2024
My Commission Expires

Notary Public



KEVIN COX
Notary Public
State of Wyoming
County of Albany
My Commission Expires
June 15, 2024

Page **2** of **2**