AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   1:21-mj-00307 |
| Jeffrey McKellop ) | |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

- ❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    - ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    - ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
    - ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
    - ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    - ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

- ❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    - ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

    - ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

        **OR**

    - ❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A.  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

    - ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

    - ❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B.  In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    - ☑ Weight of evidence against the defendant is strong
    - ❒ Subject to lengthy period of incarceration if convicted
    - ❒ Prior criminal history
    - ❒ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. McKellop argues that he is not a flight risk because he had ample opportunity to flee and instead actively worked to self-surrender and cooperate with the government. McKellop states he arrived unarmed to the Capitol on January 6th and wore tactical gear only as a precaution against counter-protestors. He argues his alleged actions were neither targeted nor premeditated and that the Government relies on circumstantial evidence—as it is difficult to confirm in the video evidence that it was him putting a gas mask on and wearing non-unique clothing and pin. Mr. McKellop points to his distinguished twenty-two years of military service and lack of any prior criminal history. Lastly, he contends that the Government cannot really believe he is a serious danger to the community because they waited for his self-surrender.

Nature and circumstances of offense(s):

This factor strongly weighs in favor of detention. As Chief Judge Howell noted in *United States v. Barnett*, the title of the offense does not "properly capture the scope of what [Mr. McKellop] is accused of doing here." The conduct of Mr. McKellop is gravely troubling. The Government shows him on video thrice making violent physical contact with law enforcement. The last incident of violence is particularly troubling as he wields a flag-pole and attempts to spear officers with it. Mr. McKellop may have arrived in tactical gear in self-defense but utilized the gear to aid in a violent assault. Despite many opportunities to reconsider his actions, he continued his assault.

The strength of the government's evidence:

Although this is the least important factor to consider, the Government's evidence is strong and weighs in favor of detention.  U.S. Capitol Police captured with bodycam footage multiple videos of the defendant assaulting law enforcement. The Government's evidence that Mr. McKellop was the person in the video footage includes multiple witness identifications and a gas mask and pin found during a search of his house.

The defendant's history and characteristics, including criminal history:

Mr. McKellop's history and characteristics weigh against release. Mr. McKellop is a veteran who served our country and received numerous commendations for his service. He has no prior criminal history. But as a person who has taken an oath to defend the Constitution and with high-level security clearance, Mr. McKellop knew that his conduct was forbidden and that attacking the Capitol was a serious affront to our democracy. *See United States v. Klein*. He abused his position of trust, which reflects negatively on his history and characteristics.

The defendant's dangerousness/risk of flight:

The Government has met its burden as to dangerousness. Mr. McKellop represents a threat to the safety of the community as video footage shows him assaulting police offers, including with weapons. The D.C. Circuit has noted that violent assailants, such as Mr. McKellop, are in a unique category warranting detention. *See United States v. Munchel*. Mr. McKellop's false beliefs regarding the illegitimacy of the current government lead the Court to believe that there are no conditions or combination of conditions that could prevent Mr. McKellop from behaving in a similarly violent manner or engaging in other insurrectionist activities. Thus, detention is warranted. The defendant is not a flight risk.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/30/2021

*Zia M. Faruqui*
Digitally signed by Zia M. Faruqui
Date: 2021.03.30 10:51:22 -04'00'

United States Magistrate Judge